CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

May 20, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:16CR00028-002 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ANGEL SOLIZ, JR.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Lee S. Brett, Assistant United States Attorney, Roanoke, Virginia, for United States; Angel Soliz, Jr., Pro Se.*

Defendant Angel Soliz, Jr. has filed a Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A). Soliz argues that his sentence should be reduced to time served because he is the only available caretaker to tend to his wife, who suffers from peripheral neuropathy. For the following reasons, Soliz's motion will be denied.

## I.    BACKGROUND.

On September 13, 2016, Soliz pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C). On December 13, 2016, he was sentenced to 240 months of imprisonment and three years of supervised release. Soliz previously moved to reduce his sentence pursuant to U.S. Sentencing Guidelines Manual Amendment 821. I denied the motion because, even under the new criminal history calculations,

Soliz's criminal history category remained the same. Soliz now moves for compassionate release, contending that his incapacitated wife and his rehabilitation warrant his release.

## II.    STANDARD OF REVIEW.

The governing statute permits a sentencing reduction if "extraordinary and compelling reasons warrant such a reduction" and the reduction aligns with the United States Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A); *see also* 28 U.S.C. § 994(t) (directing Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction"). Under those policy statements, a defendant's sentence may be reduced due to family circumstances if the defendant's immediate family member "or an individual whose relationship with the defendant is similar in kind to that of an immediate family member" is incapacitated, and the defendant is the "only available caregiver." USSG § 1B1.13(b)(3)(D) (defining "immediate family member" as a child, spouse or registered partner, parent, grandchild, grandparent, or sibling).

The Bureau of Prisons defines incapacitation as having "suffered a serious injury, or a debilitating physical illness and the result of the injury or illness is that the spouse or registered partner is completely disabled, meaning that the spouse or registered partner cannot carry on any self-care and is totally confined to a bed or

chair."   U.S. Dep't of Justice, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), Federal Bureau of Prisons Program Statement No. 5050.50 (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf;   *see, e.g.*, *United States v. Collins*, No. 15-10188-EFM, 17-10061-EFM, 2020 WL 136859, at *4 n.13 (D. Kan. Jan. 13, 2020) (finding that, although the Program Statement governs "how the BOP reviews an inmate's request for reduction in sentence," it "provide[s] guidance for courts as well").

In making its determination, the court may consider other circumstances or combinations of circumstances similar in gravity to those described in the Guidelines Manual. USSG § 1B1.13(b)(5).   If the court finds extraordinary and compelling circumstances, it must then consider the applicable § 3553(a) factors to determine whether a sentence reduction is appropriate.   *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

## III.   DISCUSSION.

The reasons that Soliz provides for a reduction in his sentence do not rise to the level of extraordinary and compelling required under the statute.   Soliz requests his release so that he may provide care for his wife, who he asserts is disabled and unable to care for herself or their children.  Following treatment for cervical cancer, Soliz's wife developed peripheral neuropathy, which causes pain and numbness in

her feet.  Soliz asserts that the condition is now advancing up his wife's legs and she struggles to stand or walk for more than two minutes.  Soliz has submitted medical records from his wife's physician, which describe some of her medical challenges.

While I do not doubt that Soliz's wife's condition is challenging and painful, Soliz has not demonstrated her incapacitation or that he is the only available caregiver.  First, as discussed above, a standard for incapacitation is that the person "cannot carry on any self-care and is totally confined to a bed or chair."  Although Soliz's wife struggles with numbness and pain, it does not appear that she is confined to a bed or chair.  Indeed, the physician's note Soliz has submitted indicates that his wife "cannot walk for long periods of time."  Mot. Ex. 2, p. 8, Dkt. No. 269-2.  This is inconsistent with incapacitation.

Further, to merit release, the defendant must be the only available caregiver. Soliz describes family hardships in his motion, but despite those hardships, he has not shown that he is the only individual available to care for his wife.  The caregiving needs thus of Soliz's wife do not meet the standard required to merit release at this time.[1]

---

[1]  Soliz also contends that there are ameliorating factors concerning his conviction and sentence, in that he was "honest and forthright" with the authorities and that the methamphetamine he sold was "below-average purity."  Mot. 4, Dkt. No. 269.  These facts, even if true, do not support a reduction.

Finally, the § 3553(a) factors do not weigh in favor of release. I commend Soliz for taking steps to better himself and take advantage of educational programming while being incarcerated. At the same time, as the government notes, Soliz was involved in a very large-scale drug trafficking operation that included the use of firearms.[2] He committed his federal offense while on parole for a state offense. Release at this time would not serve the interests of justice.

IV.    CONCLUSION.

Accordingly, it is **ORDERED** that the Motion for Sentence Reduction, Dkt. No. 269, is DENIED.

ENTER:  May 19, 2026

/s/  JAMES P. JONES
Senior United States District Judge

---

[2]   A search of Soliz's residence at his arrest resulted in the recovery of $830,009 in cash; firearms and ammunition; and expensive clothing, watches, and jewelry. Presentence Investigation Report ¶ 34, Dkt. No. 156.